[No. F050754. Fifth Dist. Aug. 2, 2007.]

WILLIAM OPP, Plaintiff and Appellant, v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant and
Respondent.

COUNSEL

Aiken, Kramer & Cummings, Inc., Richard A. Sipos and Tammy A. Brown for Plaintiff and Appellant.

McDonough Holland & Allen, Tyson M. Shower and M. David Ruff for Defendant and Respondent.

OPINION

**VARTABEDIAN, Acting P. J.**—This is an appeal from judgment against plaintiff and appellant William Opp (hereafter appellant). Judgment was entered after the court granted a motion for summary judgment filed by defendant and respondent St. Paul Fire & Marine Insurance Company (hereafter respondent). We affirm the judgment.

### Facts and Procedural History

Appellant was at all relevant times a California licensed building contractor. Appellant was also president of Mountain Connection, Inc., a Montana corporation (hereafter MCI). MCI did not hold a California building contractor's license. On July 14, 2003, as president of MCI, appellant executed a subcontract with Mauldin-Dorfmeier, the general contractor for work at

California State University, Stanislaus. Appellant inserted his individual contractor's license number where the various contract documents called for a license number.

Prior to paying its subcontractors, Mauldin-Dorfmeier filed for bankruptcy. Respondent had issued a payment bond on behalf of Mauldin-Dorfmeier. MCI sued respondent under the payment bond. When respondent asserted that MCI was unlicensed, appellant filed a first amended complaint substituting as plaintiff "William Opp dba Mountain Connection and Mountain Connection, Inc." Except as it was alleged to be merely a fictitious business name under which appellant did business, MCI, as a separate entity, dropped out of the case.

Respondent answered the first amended complaint and filed a motion for summary judgment. The motion was based on documentary evidence that appellant was not a party to the contract and did not have "standing to bring this action." Appellant countered with two basic types of evidence. First, appellant sought to establish that he supervised most of the work under the subcontract. Second, he tried to show that everyone involved, including Mauldin-Dorfmeier, had treated MCI merely as an alter ego or a fictitious name under which appellant did business. The trial court excluded most of this evidence as hearsay and irrelevant.

The court concluded MCI, not appellant, was the party to the contract and had performed the work under the contract. It concluded appellant was not a party to the contract and use of his contractor's license number on the contract documents did not make him a party to the contract. In addition, the court concluded MCI was not entitled to recover on the payment bond because Business and Professions Code section 7031 precluded recovery by the unlicensed corporation. The court granted the motion for summary judgment and thereafter entered judgment for respondent and against appellant.

Appellant filed a timely notice of appeal.

## Discussion

On an appeal from summary judgment, "[w]e review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (*except that which the court properly excluded*) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116], italics added.) Appellant alleges a number of erroneous evidentiary rulings by the trial court, implying that upon consideration of all

proper evidence, triable issues of fact will appear. However, we do not reach these evidentiary claims because, even if error, none of these exclusions of evidence was prejudicial: All the items of evidence were proffered in support of appellant's various substantive theories; the theories fail as a matter of law so, in this sense, it does not matter what evidence may support the theories.

As to our review of the merits of the appeal, "[w]hen the defendant is the moving party, he must show either that (1) one or more elements of a cause of action cannot be established, or (2) there is a complete defense. ([Code Civ. Proc.,] § 437c, subd. (o)(2).) Once that burden is met, the burden shifts to the plaintiff to show the existence of a triable issue of fact with respect to that cause of action or defense. (*Ibid.*) We review the trial court's decision to grant defendant summary judgment de novo. We review the ruling, not the rationale." (*Silva v. Lucky Stores, Inc.* (1998) 65 Cal.App.4th 256, 261 [76 Cal.Rptr.2d 382].)

Appellant asserts two areas in which he contends the trial court erred in granting summary judgment in favor of respondent. We will address each area separately.[1]

## A. *The Court Did Not Weigh the Evidence or Resolve Factual Disputes*

Appellant complains the trial court accepted respondent's evidence that MCI "did the work" under the contract and was the sole subcontractor on the contract. He says the evidence showed appellant put his own contractor's license number on the contract with Mauldin-Dorfmeier, that he supervised most of the work, and that Mauldin-Dorfmeier dealt with him as a sole proprietor, doing business under the name of Mountain Connection, Inc.

Corporations, of course, can not physically perform work; they can only work through human agents and employees. If the issue were who physically "performed the work," no corporation could ever perform on a contract at all and there would be no practical reason for corporate contractor's licenses.

However, Business and Professions Code section 7031 makes it clear that the contractor's license is not required for the person who "does the work" but, instead, for the person who is the building contractor. (All further section references are to the Business and Professions Code.) Section 7031,

---

[1] In addition to the two areas addressed in the text, the parties have submitted supplemental briefing in response to certain questions posed by this court. We decline to address these supplemental issues in detail because there is nothing in the record that shows appellant personally performed carpentry services on the construction project nor that he personally employed others to perform such services, which would be necessary allegations for any hypothetical quantum meruit cause of action.

subdivision (a) provides, in part, that "no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract . . . ." A "contractor," including a corporation so acting (§ 7025), "for the purposes of this chapter, is synonymous with 'builder' and, within the meaning of this chapter, a contractor is any person who undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or submits a bid to, or does himself or herself or *by or through others*, construct, alter, [or] repair," inter alia, a structure. (§ 7026, italics added.)

The issue, then, is not who "did the work," but who was "engaged in the business or acting in the capacity of a contractor." The evidence was undisputed that there was a valid corporation called Mountain Connection, Inc., and that it was, in this case, "engaged in the business or acting in the capacity of a contractor." (§ 7031.) The evidence was undisputed that the contracting party on the subcontract was MCI and that the complaint sought "compensation for the performance of [an] act or contract where a license is required." (§ 7031.) Accordingly, on the face of it, MCI was the contracting party and its suit should be barred by section 7031.

Appellant, however, contends the evidence excluded and disregarded by the trial court established a triable issue of fact about either (a) whether Mountain Connection, Inc., was simply a fictitious business name under which appellant did business (as alleged in the first amended complaint) or (b) whether appellant was in some manner a joint party to the subcontract because he used his individual contractor's license on all contract-related documents (not alleged in the complaint).

The first claim is barred as a matter of law. "No person shall adopt any fictitious business name which includes 'Corporation,' 'Corp.,' 'Incorporated,' or 'Inc.' unless that person is a corporation organized pursuant to the laws of this state or some other jurisdiction." (§ 17910.5, subd. (a).) Further, section 17918 provides, in relevant part: "No person transacting business under a fictitious business name contrary to the provisions of this chapter, or his assignee, may maintain any action upon or on account of any contract made, or transaction had, in the fictitious business name in any court of this state until the fictitious business name statement has been executed, filed, and published as required by this chapter." Not only is there no suggestion in the record that appellant has attempted to comply with this requirement, such an attempt would be futile: Section 17910.5, subdivision (c) states: "A county clerk shall not accept a fictitious business name statement which would be in

violation of this section." Accordingly, there is no evidence that could establish appellant's first proposition, that appellant individually was merely doing business as "Mountain Connection, Inc." and was, therefore, the actual contracting party.

The only subcontractor named in the subcontract is MCI, and the contract was signed by appellant as president of MCI. Appellant contends the evidence before the court, and especially as reinforced by the excluded evidence, would permit a jury to conclude appellant was a party to the contract because his individual contractor's license number was used repeatedly in the documents.

■ Such a rule would violate at least three aspects of public policy. First, of course, it would render ineffective the contractor's license requirement and encourage fraud if insertion of the license number of one who is not the contractor permitted a suit that otherwise was barred by section 7031.[2] Second, in this case it would be tantamount to permitting an individual to adopt a prohibited fictitious business name and then to sue on a contract, when such suit would be barred for any other unregistered business. (See § 17918, subd. (a).) Finally, "[p]arties who determine to avail themselves of the right to do business by means of the establishment of a corporate entity must assume the burdens thereof as well as the privileges." (*Aladdin Oil Corp. v. Perluss* (1964) 230 Cal.App.2d 603, 614 [41 Cal.Rptr. 239].) An individual who has obtained the benefits of corporate limited liability will not be permitted to repudiate corporate existence just because the corporation has become an inconvenience. (See *ibid.*)

■ We conclude the court did not impermissibly weigh the evidence in granting summary judgment. The evidence allowed only one conclusion, as a matter of law: the contracting entity was MCI, a separate entity and an unlicensed building contractor.

B. *There Is No Triable Issue Concerning Substantial Compliance*

Appellant contends that, even if MCI was the only contractor and even if there was no contractor's license issued in its name, MCI should be deemed

---

[2] Appellant also contends that he is "the person who engaged in the business or acted in the capacity of a contractor" for purposes of section 7031, subdivision (e). Appellant contends that section 7031 "permits anyone who engaged in the business of a contractor or acted in the capacity of a contractor to recover if the person was duly licensed." (Original underscoring.)

A more accurate characterization of section 7031 would be that it does not prohibit a licensed contractor from suing to enforce an obligation arising from a construction contract. In other words, the section does not "permit" anyone "to recover" if there is no substantive right to payment; the section only forbids the unlicensed contractor to recover on an otherwise valid claim. In this case, we have determined that MCI is the only one with a right to payment under the subcontract. Nothing in section 7031 purports to transfer those rights to appellant.

to have been licensed because it substantially complied with section 7031.[3] We note that MCI is no longer a plaintiff in this action, so *its* substantial compliance with section 7031 would seem to be irrelevant under the operative pleadings; appellant's own compliance with section 7031 was actual, not merely substantial, so the doctrine is not relevant for his own assertion of rights. (See, however, fn. 2, above.) Nonetheless, we will address the substantial compliance issue.

Section 7031, subdivision (e) significantly limits a contractor's ability to claim substantial compliance with the licensing requirement. That subdivision, with certain exceptions not applicable here, provides: "The judicial doctrine of substantial compliance shall not apply under this section where the person who engaged in the business or acted in the capacity of a contractor has never been a duly licensed contractor in this state. However, . . . the court may determine that there has been substantial compliance with licensure requirements under this section if it is shown at an evidentiary hearing that the person who engaged in the business or acted in the capacity of a contractor (1) had been duly licensed as a contractor in this state prior to the performance of the act or contract, (2) acted reasonably and in good faith to maintain proper licensure, (3) did not know or reasonably should not have known that he or she was not duly licensed when performance of the act or contract commenced, and (4) acted promptly and in good faith to reinstate his or her license upon learning it was invalid."

Plainly, MCI was never "a duly licensed contractor in this state prior to the performance of the act or contract." Evidence submitted by appellant established that the original application for a contractor's license for MCI was executed on June 20, 2005. Accordingly, a finding of substantial compliance is expressly prohibited by statute.

Section 7031 has been amended by the Legislature several times since its enactment. The trend of such legislation has been to narrow the available exceptions to section 7031's bar on actions by unlicensed contractors. (See *Pacific Custom Pools, Inc. v. Turner Construction Co.* (2000) 79 Cal.App.4th 1254, 1261–1262 [94 Cal.Rptr.2d 756] (hereafter *Pacific Custom Pools*).) Thus, it is of note that a case factually similar to the present case was decided under a prior version of section 7031, and the court specifically noted that the result would be different under the new version of that section. (See *G. E.*

---

[3] Appellant also contends the court should not have adjudicated the substantial compliance issue because respondent did not negate substantial compliance in its moving papers. We conclude that a showing that MCI was unlicensed and appellant was not a party to the contract establishes prima facie defenses to the first amended complaint. It was appellant's duty, in his opposition to summary judgment, to establish that some fact or legal exception undermined that prima facie defense. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850–851 [107 Cal.Rptr.2d 841, 24 P.3d 493].)

*Hetrick & Associates, Inc. v. Summit Construction & Maintenance Co.* (1992) 11 Cal.App.4th 318, 329 [13 Cal.Rptr.2d 803] (hereafter *G. E. Hetrick*).) Appellant's reliance on that case, therefore, is misplaced.

In *G. E. Hetrick*, the corporate plaintiff was alleged to be unlicensed as a building contractor. Gary Hetrick was a licensed contractor doing business as G. E. Hetrick & Associates, a sole proprietorship, and he was the owner of the corporation, G. E. Hetrick & Associates, Inc. (*G. E. Hetrick, supra*, 11 Cal.App.4th at pp. 323–324.) The corporation was unlicensed when the contract was made and performed. Gary Hetrick had been continually licensed at all relevant times. (*Ibid.*)

In response to the section 7031 defense asserted by the defendants, the plaintiff, G. E. Hetrick & Associates, Inc., contended it had substantially complied with section 7031 as construed in *Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988 [277 Cal.Rptr. 517, 803 P.2d 370]. The *Hydrotech* opinion contained a lengthy discussion of the policy bases for finding substantial compliance under certain circumstances. However, it also noted: "Significantly, after the contract here at issue was made and performed, the Legislature concluded that the judicial doctrine of substantial compliance does *not* adequately serve the protective purposes of section 7031. In 1989, the Legislature amended section 7031 to provide that the substantial-compliance rule 'shall not apply to this section.' " (*Id.*, at p. 996, fn. 5, original italics.) The court impliedly held that substantial compliance could be established only for contracts made and performed before the 1989 amendments to section 7031. (See *Hydrotech*, at p. 996; *G. E. Hetrick, supra*, 11 Cal.App.4th at p. 328.)

The court in *G. E. Hetrick* therefore applied the pre-1989 version of section 7031 and determined there was a triable issue whether Gary Hetrick's license was sufficient to constitute substantial compliance with the requirement that his corporation obtain a contractor's license. However, the court expressly premised this result on the corporation's pre-1989 right to "rely on the statutorily disapproved doctrine of substantial compliance with the Contractors License Law." (*G. E. Hetrick, supra*, 11 Cal.App.4th at p. 329.)

Because the contract in the present case was made and performed more than a decade after the Legislature declared that substantial compliance "shall not apply" to section 7031, *G. E. Hetrick* is not valid precedent. (§ 7031, subd. (e).)

Finally, appellant relies on dicta in *Pacific Custom Pools, supra,* 79 Cal.App.4th at page 1265. In that case, a corporation's contractor's license was suspended during a portion of the time of its performance of the contract in question. There was no dispute that the corporation "had been duly licensed as a contractor" in the past. (§ 7031, subd. (e)(1), formerly subd. (d)(1).) The issue on appeal was whether, under the last two conditions for substantial compliance established in the current version of section 7031, subdivision (e), formerly subdivision (d), the contractor had " 'acted reasonably and in good faith to maintain licensure' or . . . 'did not know or reasonably should not have known' that it was not 'licensed,' essential elements for a substantial compliance showing under section 7031." (*Pacific Custom Pools, supra,* at p. 1265.) The court held these two requirements were not satisfied and affirmed the grant of summary judgment. (*Ibid.*)

In passing, the court rejected the appellant's reliance on *G. E. Hetrick, supra,* 11 Cal.App.4th 318, based on its facts "and the different language of section 7031 as it existed at the time" *G. E. Hetrick* was decided. (*Pacific Custom Pools, supra,* 79 Cal.App.4th at p. 1264.) Having previously discussed the changes in the law (particularly the 1989 addition of the directive that the substantial compliance rule "shall not apply" to § 7031), the court then distinguished the case before it on the facts: "In the present case there is no dispute that neither [the corporation] nor any managing officer maintained a license throughout the period of performance." (*Pacific Custom Pools, supra,* at p. 1265.)

The *Pacific Custom Pools* court did not decide whether the existence of a continually licensed managing officer would have led it to conclude the plaintiff could show substantial compliance; it merely noted the factual difference between the two cases. Given the court's extensive discussion of the change in the law between the time of *G. E. Hetrick* and its own case, there is no basis to believe the *Pacific Custom Pools* court intended to ratify the rule of law stated in the earlier case.

Appellant is unable to meet the threshold requirement for substantial compliance under the current version of section 7031, namely, that the contractor was "duly licensed as a contractor in this state prior to the performance of the act or contract." (§ 7031, subd. (e).) As the trial court observed, MCI was not licensed in California until after performance of the contract. The trial court did not err in concluding "the substantial compliance rule authorized under Business and Professions Code 7031 is not available to the corporation . . . ."

## Disposition

The judgment is affirmed. Respondent is awarded its costs on appeal.

Wiseman, J., and Hill, J., concurred.