[No. C064357. Third Dist. June 14, 2011.]

DAVID E. BALL, Plaintiff and Appellant, v.
STEADFAST-BLK, Defendant and Respondent.

696

---

**Counsel**

C. Christopher Merrill for Plaintiff and Appellant.

Hanson Bridgett, Nancy J. Newman and Jordan A. Lavinsky for Defendant and Respondent.

## OPINION

**BLEASE, Acting P. J.**—What's in a name? Business and Professions Code section 7031, subdivision (a)[1] "bars all actions, however they are characterized, which effectively seek 'compensation' for illegal unlicensed contract work." (*Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988, 997 [277 Cal.Rptr. 517, 803 P.2d 370] (*Hydrotech*).) In this appeal we decide whether subdivision (a) bars plaintiff David E. Ball, who was licensed by the Contractors State License Board (CSLB) by the "License Type" "Sole Owner" under the fictitious business name "Clark Heating and Air Conditioning," from pursuing an action to collect compensation for work performed under two contracts entered into under the transposed name "Clark Air Conditioning & Heating."

The trial court sustained defendant Steadfast-BLK's (Steadfast) demurrer to the fourth cause of action of the complaint for foreclosure of a mechanic's lien without leave to amend. It found that Ball, a licensed contractor, "was never licensed as a contractor to do business in the name of Clark Air Conditioning & Heating," and thus was precluded as a matter of law under section 7031, subdivision (a) from pursuing his action to foreclose on a mechanic's lien. The court further found that the "name discrepancy" could not be cured. We disagree.

The trial court has confused the individual owner to whom the contractor's license was issued with the name under which the individual conducted his contracting business.[2] Ball was licensed as a "Sole Owner," and not as a partnership or corporate entity, pursuant to the classification system of section 7065. The "doing business as" name "Clark Heating and Air Conditioning" was not an entity that could be licensed; rather it was the business name under which the individual licensee did business. Not only is Clark Heating and Air Conditioning not a distinct legal entity, it is not among the categories of individuals or entities defined by the Contractors' State License Law (CSLL), section 7000 et seq., to whom a contractor's license may issue. (§§ 7065, 7068, subd. (b), 7096.)

We shall conclude that Ball was a licensed contractor and as such was entitled to perform contracting work under the name Clark Heating and Air

---

[1] Further statutory references are to the Business and Professions Code.

[2] Steadfast is similarly confused. It analogizes this case to *Opp v. St. Paul Fire & Marine Ins. Co.* (2007) 154 Cal.App.4th 71, 73 [64 Cal.Rptr.3d 260], in which the holder of an individual contractor's license inserted the number of his license in a contract entered into by a corporation (of which he was president). "[Opp] was not a party to the contract and use of his contractor's license number on the contract documents did not make him a party to the contract." (*Ibid.*)

Conditioning.[3] We shall further conclude that his failure to contract in the exact same name set forth in his license is, at most, grounds for disciplinary action. (See §§ 7083, 7117.) It does not bar him from recovering for work performed under the contracts. Accordingly, we shall reverse the judgment of dismissal of the fourth cause of action.

## FACTUAL AND PROCEDURAL BACKGROUND

Because this matter comes to us after the trial court sustained Steadfast's demurrer, we must " 'assume the truth of all properly pleaded material allegations of the complaint in evaluating the validity' of the decision below" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 635 [49 Cal.Rptr.2d 377, 909 P.2d 981]), considering the evidentiary facts contained in recitals in the exhibits attached to the complaint and any facts judicially noticed by the trial court (*Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 719 [17 Cal.Rptr.3d 374]; *Satten v. Webb* (2002) 99 Cal.App.4th 365, 375 [121 Cal.Rptr.2d 234]).

The complaint alleged that "Plaintiff DAVID E. BALL, dba CLARK AIR CONDITIONING & HEATING . . . is and at all times mentioned herein was authorized to do business in the State of California, and properly licensed by the State of California as a heating, ventilating and air conditioning contractor." The complaint further alleged that "David E. Ball, dba as Clark Air Conditioning & Heating," contracted with defendant CRC, Inc., "for labor, equipment, materials and services" supplied to "the Food Court, Sunrise Mall"[4] but that CRC, Inc., did not pay him. For that reason Ball caused a lien to be recorded against the CRC property. The lien document identified the "claimant" as Clark Air Conditioning & Heating and was signed and verified by Ball, as the "owner" of Clark Air Conditioning & Heating. Ball asserted causes for account stated (first cause of action), quantum meruit (second cause of action), breach of contract (third cause of action), and foreclosure of a mechanic's lien (fourth cause of action). The fourth cause of action, to foreclose the lien, was brought against Steadfast and Marlali Property Investment Company, LLC, the alleged owners of the property.

Steadfast demurred to the fourth cause of action for foreclosure of the mechanic's lien on the ground "plaintiff is not licensed in the name he is using and is thus barred from foreclosing on liens recorded by an unlicensed contractor." More particularly, Steadfast claimed "[t]he lien claimant, Clark Air Conditioning & Heating, is an *unlicensed contractor*" and "Ball, dba Clark Air Conditioning & Heating . . . is not licensed as a contractor to do

---

[3] There is no dispute that Ball did the work and that he held a contractor's license to do so.

[4] The contracts are not in the record.

business in the lien claimant's name . . . . Although [Ball] is a licensed contractor with the Contractor's [*sic*] State License Board ('CSLB'), he has not registered the name of the lien claimant, Clark Air Conditioning & Heating, under which he recorded the lien and now sues."

Following oral argument, the trial court sustained the demurrer without leave to amend. The court found that "plaintiff's claim that David E. Ball dba Clark Air Conditioning & Heating was licensed as a contractor is refuted by defendant Steadfast-BLK LLC's request for judicial notice which confirms that plaintiff was never licensed as a contractor to do business in the name of Clark Air Conditioning & Heating. While plaintiff argued that he thought the name discrepancy could be cured by seeking a name change with the [CSLB], as argued by defendant Steadfast-BLK LLC, such a change, even if granted, would not be retroactive." The court entered a judgment of dismissal of the fourth cause of action for foreclosure of the mechanic's lien.

## DISCUSSION

### I

### Standard of Review

When reviewing the sufficiency of a complaint where the trial court sustained a demurrer without leave to amend, we review the complaint de novo to determine whether a cause of action is stated giving " 'the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " (*Williams v. Housing Authority of Los Angeles, supra,* 121 Cal.App.4th at p. 719.) "Reversible error exists if facts were alleged showing entitlement to relief under any possible legal theory." (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 321–322 [102 Cal.Rptr.2d 13].) If the complaint does not state a cause of action, but there is a reasonable possibility the defect can be cured by amendment, leave to amend must be granted. (*Ibid.*)

■ In addressing questions of statutory interpretation and application, we apply a de novo review. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) "Our primary duty when interpreting a statute is to ' "determine and effectuate" ' the Legislature's intent. [Citation.] To that end, our first task is to examine the words of the statute, giving them a commonsense meaning. [Citation.] If the language is clear and unambiguous, the inquiry ends. [Citation.] However, a statute's language must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." (*Van Horn v. Watson* (2008) 45 Cal.4th 322, 326 [86 Cal.Rptr.3d 350, 197 P.3d 164], fn. omitted.)

II

The Trial Court Erred in Sustaining the Demurrer

In challenging the trial court's sustaining of the demurrer as to the fourth cause of action, Ball contends that "[a]s a sole proprietor, it was Ball, and only Ball, that was the contractor," and because he was a duly licensed contractor at all relevant times, he is entitled to seek recovery for work performed under the contract. He asserts that the "name discrepancy," at most, constitutes a "technical violation" that "will not suffice to defeat Ball's claim against Steadfast." We agree.

A. *The Statutory Licensing Scheme*

■ The CSLL, section 7000 et seq., requires contractors to be licensed unless they are exempt from licensure. (§§ 7026, 7031, 7040 et seq.) "The purpose of the licensing law is to protect the public from incompetence and dishonesty in those who provide building and construction services. [Citation.] The licensing requirements provide minimal assurance that all persons offering such services in California have the requisite skill and character, understand applicable local laws and codes, and know the rudiments of administering a contracting business." (*Hydrotech, supra*, 52 Cal.3d at p. 995.)

"Section 7031, subdivision (a) is the primary enforcement mechanism for the CSLL." (*WSS Industrial Construction, Inc. v. Great West Contractors, Inc.* (2008) 162 Cal.App.4th 581, 588 [76 Cal.Rptr.3d 8].) It states: "Except as provided in subdivision (e), no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract, regardless of the merits of the cause of action brought by the person . . . ." (§ 7031, subd. (a).)[5]

---

[5] The term "contractor" includes "any person who undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or submits a bid to, or does himself or herself or by or through others, construct, alter, repair, add to, subtract from, [or] improve . . . any building . . . or other structure, project, development or improvement, or to do any part thereof" and "includes subcontractor and specialty contractor." (§ 7026.) " 'Person' as used in this chapter includes an individual, a firm, partnership, corporation, limited liability company, association or other organization, or any combination thereof." (§ 7025, subd. (b).)

### B. *Ball Is Not Barred as a Matter of Law from Pursuing His Action Against Steadfast for Foreclosure of the Mechanic's Lien*

■ The CSLB licenses "individual owners, partnerships, [and] corporations." (§ 7065, subd. (b).) Ball received a license under the "License Type" as a "Sole Owner," i.e., an individual owner. A sole owner is a sole proprietorship and a sole proprietorship is not a legal entity separate from its individual owner. (*Providence Washington Ins. Co. v. Valley Forge Ins. Co.* (1996) 42 Cal.App.4th 1194, 1202 [50 Cal.Rptr.2d 192].) As a sole proprietorship, Clark Heating and Air Conditioning does not, and cannot, hold a contractor's license independent from Ball. Not only is Clark Heating and Air Conditioning not a distinct legal entity, it is not among the categories of "persons" defined by the CSLL to whom a contractor's license may issue. (§§ 7065, 7068, subd. (b), 7096.) Thus, although the name "Clark Heating and Air Conditioning" appears on the license, it is David Edward Ball, an individual, who is the licensee as the owner of Clark Heating and Air Conditioning. That license entitles him, as the owner of Clark Heating and Air Conditioning, to perform contracting work under the name Clark Heating and Air Conditioning. (See § 7117.)

■ According to the complaint, Ball entered into the contracts at issue herein as "David E. Ball, dba Clark Air Conditioning & Heating." "Use of a fictitious business name does not create a separate legal entity" distinct from the person operating the business. (*Pinkerton's Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348 [57 Cal.Rptr.2d 356].) " 'The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner.' " (*Ibid.*) Thus, like Clark Heating and Air Conditioning, Clark Air Conditioning & Heating is legally indistinguishable from *Ball*. (*Ibid.*) While Ball entered into the contracts as "David E. Ball, dba Clark Air Conditioning & Heating," *Ball* was the contracting party, and it is Ball who is entitled to pursue an action to collect for the work done pursuant to the contract. That the lien lists "Clark Air Conditioning & Heating" as the claimant is of no consequence as Clark Air Conditioning & Heating is not a separate legal entity; it is Ball. (*Ibid.*) Indeed, the lien is signed and verified by Ball, as the "owner" of Clark Air Conditioning & Heating.

■ Steadfast argues, as it did below, that Ball is precluded from foreclosing on "a lien recorded in the name of a company that *was never licensed.*" According to Steadfast, "[t]o foreclose a lien, the law requires *the lien claimant* to be licensed . . . ." In support of its·argument, Steadfast relies on sections 7059.1 and 7083. Section 7059.1, subdivision (b) provides that "[a] licensee shall not conduct business under more than one name for each license," while section 7083 requires that "[a]ll licensees . . . notify the

registrar . . . within 90 days of any change to information recorded under this chapter," including "changes in business address, personnel, [and] business name . . . ."

As a preliminary matter, we note that like Clark Heating and Air Conditioning, Clark Air Conditioning & Heating is not among the categories of "persons" defined by the CSLL to whom a contractor's license may issue. (§§ 7065, 7068, subd. (b), 7096.) Moreover, we question whether Ball was conducting business under more than one name as contemplated by section 7059.1 where, as here, the names at issue contain the exact same words, but in a slightly different order. (See, e.g., *Handyman Connection of Sacramento, Inc. v. Sands* (2004) 123 Cal.App.4th 867, 887–888 [20 Cal.Rptr.3d 727] [holding that use of·the name "Handyman Connection" in a contract instead of "Handyman Connection of Sacramento, Inc.," the name in which the license was issued, "was not a departure from but was rather an abbreviation of the contractor's full legal name"].)

Assuming for argument's sake that Ball did violate section 7059.1 by operating under the name Clark Air Conditioning & Heating (rather than Clark Heating and Air Conditioning)[6] or section 7083 by failing to timely update his business name, it does not follow that he is precluded from pursuing an action to collect for work done under the unregistered name. Section 7031, subdivision (a)'s prohibition applies to contractors who are not "duly licensed" at all times during the performance of the contract. Nothing in section 7031, 7059.1, or 7083 suggests that a contractor who contracts under a name different from that listed in his license is not "duly licensed" and thus barred from pursuing an action to collect for work done under the contract.

While the Legislature could have specified that a license is automatically suspended or otherwise invalidated where a contractor does business in a name other than that set forth in its license, it did not.[7] Section 7059.1 is silent as to the consequences for conducting business under more than one

---

[6] Section 7059.1 is part of article 4, section 7055 et seq., which governs "classification" of contracting businesses. For purposes of this appeal, we assume, without deciding, that section 7059.1 applies generally to a contractor's use of business names and is not limited to the use of business names as they relate to the contractor's classification(s).

[7] In other circumstances, the Legislature has done just that. (See, e.g., § 7068.2 [license suspended or classification removed upon failure to replace or notify CSLB of disassociation of qualifying individual within 90 days]; § 7071.17, subd. (b) [license automatically suspended upon failure to notify CSLB of unsatisfied judgment within 90 days]; § 7076 [specifying events resulting in cancellation of license]; § 7076.2, subd. (a) [license automatically suspended upon failure to maintain corporate good standing with California Secretary of State]; § 7085.6, subd. (a)(1) [license automatically suspended upon failure to comply with a CSLB arbitration award within 30 days after notice from CSLB]; § 7090.1, subd. (a)(1) [license

name, but section 7083, provides that "[f]ailure to notify the registrar of [a change in business name] within the 90 days is grounds for *disciplinary action.*" (Italics added.) Similarly, section 7117 provides that "[a]cting in the capacity of a contractor under any license issued hereunder except . . . in the name of the licensee as set forth upon the license . . . constitutes a cause for *disciplinary action.*" (Italics added.) Having considered the relevant code sections in context as we must (*Van Horn v. Watson, supra,* 45 Cal.4th at p. 326), we conclude that Ball's failure to contract in the exact same name as set forth in his license is, at most, grounds for disciplinary action.

Contrary to Steadfast's assertion, such a ruling does not "deprive[] the CSLB from providing the transparency and accountability essential to the integrity of the licensing system." Where, as here, Ball was the licensee and contracting party, the public *would* be able to check license status. Indeed, we observe that the CSLB's Web site allows the public to "check a contractor license" using a "license number," "business name," or "personnel name." (<https://www2.cslb.ca.gov/onlineservices/checklicenseii/checklicense.aspx> [as of June 14, 2011].)

■ Finally, contrary to Steadfast's assertion, the cases upon which it relies do not "confirm that the lien recorded by Clark Air [Conditioning & Heating] cannot be foreclosed." In *MW Erectors, Inc. v. Niederhauser* (2005) 36 Cal.4th 412 [30 Cal.Rptr.3d 755, 115 P.3d 41], our Supreme Court held that section 7031, subdivision (a) effectively "bars a person from suing to recover compensation for *any* work he or she did under an agreement for services requiring a contractor's license unless proper licensure was in place *at all times* during such contractual performance." (*Id.* at p. 419.) As previously discussed, Ball, the contracting party and person suing, was licensed "*at all times* during such contractual performance." (*Ibid.*)

In *Opp v. St. Paul Fire & Marine Ins. Co., supra,* 154 Cal.App.4th 71, the court held that the plaintiff William Opp, a licensed building contractor, could not recover against a surety in an action on a payment bond pursuant to section 7031, subdivision (a) where "the contracting entity was [Mountain Connection, Inc.], a separate entity and an unlicensed building contractor." (*Id.* at pp. 72–73, 76.) That the contract was signed by Opp as president of Mountain Connection, Inc., was immaterial. (*Id.* at p. 76.) Here, unlike the plaintiff in *Opp,* Ball entered the contracts on behalf of his sole proprietorship, not on behalf of a separate legal entity that could, and should, have obtained its own license. There was no legal entity separate from Ball. Ball was "the contracting entity" and as such was entitled to pursue an action to collect for work performed under the contracts.

---

automatically suspended upon failure to pay civil penalties or comply with corrective orders]; § 7125.2 [license automatically suspended upon failure to obtain and maintain worker's compensation insurance].)

■   In sum, the trial court erred in concluding Ball was barred as a matter of law from pursuing his fourth cause of action for foreclosure of the mechanic's lien because he "was never licensed as a contractor to do business in the name of Clark Air Conditioning & Heating." As a licensed contractor and the contracting party, Ball is not barred under section 7031, subdivision (a) from pursuing his fourth cause of action.[8]

## DISPOSITION

The judgment of dismissal of the fourth cause of action is reversed. Plaintiff shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)–(2).)

Nicholson, J., and Mauro, J., concurred.

---

[8] Given our conclusion, we need not determine whether the doctrine of substantial compliance applies. (§ 7031, subd. (e).)