[No. B225685. Second Dist., Div. One. Dec. 21, 2011.]

PIONEER CONSTRUCTION, INC., Plaintiff and Appellant, v.
GLOBAL INVESTMENT CORP. et al., Defendants and Respondents.

162

## COUNSEL

Hunt Ortmann Palffy Nieves Lubka Darling & Mah, John Darling, Dale A. Ortmann, Carlo Paciulli and Marian K. Selvaggio for Plaintiff and Appellant.

Halavais & Associates, Coby R. Halavais and Thomas G. Kemerer for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—Pioneer Construction, Inc. (Pioneer), appeals from a judgment entered for defendants Global Investment Corp. (Global) and Su-Chin Chen Tsou (Tsou) in Pioneer's action for foreclosure of mechanic's liens recorded against property owned by a debtor in bankruptcy, Oakridge Homes LLC (Oakridge). Global and Tsou purchased Oakridge's property at a trustee's sale held after relief from the automatic stay was obtained in Oakridge's bankruptcy proceedings. The trial court sustained defendants' demurrer on the grounds the recording of the mechanic's liens against the property while Oakridge's bankruptcy was pending violated the automatic stay of the United States Bankruptcy Code (11 U.S.C. § 362). We reverse, finding the 90-day period for foreclosing on Pioneer's mechanic's liens under Civil Code section 3144 was tolled during the pendency of the bankruptcy proceedings pursuant to the United States Bankruptcy Code (11 U.S.C. § 108(c)).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In March 2005, Pioneer and Oakridge entered into an agreement pursuant to which Pioneer agreed to perform construction services on 19 lots owned by Oakridge located on Old Stone Way in Stevenson Ranch (Property). Pioneer performed its part of the agreement, but Oakridge failed to pay Pioneer sums due it for the construction project.

On April 17, 2008, Pioneer recorded a mechanic's lien in the Los Angeles County Registrar-Recorder/County Clerk's office against the Property in the amount of $2,471,332.06, listing Oakridge as the debtor, and listing Nasir Eftekhar, Jin Shen, and Benjamin Zhu as the owners of the property.

On June 13, 2008, Oakridge filed for bankruptcy under chapter 11.

On January 29, 2009, Pioneer recorded a second mechanic's lien in the Los Angeles County Registrar-Recorder/County Clerk's office in the amount of $2,669,832.06, listing Oakridge as the debtor and David Zhen, Benjamin Zhu, Nasir Eftekhar, and Simon Thomas Homes, Inc., as the owners of the property.

On April 15, 2009, Pioneer filed a "Notice of Perfection of Security Interest" in Oakridge's chapter 11 proceedings, asserting a lien of $2,669,832.06, and attaching the mechanic's lien recorded January 29, 2009.

In May or July 2009, Cathay Bank and Global obtained relief from the automatic stay in Oakridge's bankruptcy and sold the property at a trustee's sale on August 25, 2009, to defendant Tsou.

Pioneer filed a complaint to foreclose its two mechanic's liens on November 12, 2009, stating two causes of action, one for each lien.[2] It also recorded a lis pendens on November 20, 2009.

Global and Tsou demurred to the complaint, and filed a motion to expunge the lis pendens, based on in invalidity of the two mechanic's liens. On March 11, 2010, on the eve of the hearing on Global and Tsou's demurrer, Pioneer filed its first amended complaint for foreclosure of the two mechanic's liens. On March 16, 2010, the trial court granted the motion to expunge the lis pendens.

---

[1] We accept the facts pleaded in the complaint as true for purposes of demurrer.

[2] Only the second cause of action relating to the second lien recorded January 29, 2009, is at issue in this appeal.

On March 23, 2010, Global and Tsou demurred to the first amended complaint, arguing that (1) the complaint had not been filed within 90 days of the April 17, 2008 mechanic's lien as required by Civil Code section 3144[3] because a total of 135 days had elapsed between recordation and the filing of the complaint (computed as 56 days between the filing of the lien and Oakridge's chapter 11 bankruptcy filing, which precluded action on the lien, and 79 days between the property's sale at a trustee's sale in Aug. 2009 and the filing of the complaint on Nov. 12, 2009) and (2) the second lien recorded January 29, 2009, was filed in violation of the bankruptcy automatic stay of title 11 United States Code section 362.

Pioneer opposed, contending that the 90-day period of Civil Code section 3144 was tolled by the pendency of Oakridge's bankruptcy proceedings, and thus the 90-day period had not elapsed; rather, the 56 days prebankruptcy were not included in the computation, making its complaint filed 79 days after the trustee's sale timely. Furthermore, it argued that the notice of perfection it filed perfected the lien recorded January 29, 2009, and preserved the lien until such time as the property was no longer in the bankruptcy proceeding.

In reply, defendants contend that Pioneer admitted that the second mechanic's lien was void because it stated in its opposition to the motion to expunge lis pendens that the lien was a "nullity" and should be "disregarded."[4] Defendants lodged a copy of the reporter's transcript of the hearing on the motion to expunge, during which Pioneer's counsel indicated that the second lien was "void" because it was filed when the stay was in effect, but also asserted that the lienor could still file a notice of perfection in Oakridge's bankruptcy and retain rights under the lien.

The trial court sustained the demurrer without leave to amend and entered judgment for defendants.

---

[3] Civil Code section 3144 provides, "(a) No lien provided for in this chapter binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court, except that, if credit is given and notice of the fact and terms of such credit is recorded in the office of the county recorder subsequent to the recording of such claim of lien and prior to the expiration of such 90-day period, then such lien continues in force until 90 days after the expiration of such credit, but in no case longer than one year from the time of completion of the work of improvement. [¶] (b) If the claimant fails to commence an action to foreclose the lien within the time limitation provided in this section, the lien automatically shall be null and void and of no further force and effect."

[4] In opposition, Pioneer stated: "Although it is true, as defendant argues, that the mechanic's lien which Pioneer filed on January 29, 2009, was void, it was simply a nullity and should be disregarded. However, since Pioneer also took the step of filing a Notice of Perfection with the Bankruptcy Court, that same lien was preserved as were Pioneer's interests until the time came at which it could foreclose on its lien."

## DISCUSSION

Pioneer argues the trial court erred in concluding that its January 29, 2009 lien was void and violated the automatic stay, and its foreclosure action filed in November 2009 was untimely. It contends the recording of a mechanic's lien does not violate the automatic stay of title 11 United States Code section 362, which specifically permits the recordation of such liens; furthermore, its foreclosure action was timely because Oakridge's bankruptcy proceeding tolled the action until the Property ceased to be property of the estate by virtue of the trustee's sale, and its foreclosure action was commenced within 79 days of that date.

Respondents contend the doctrine of invited error precludes all of Pioneer's arguments on appeal because it repeatedly acknowledged during the proceedings in the trial court that the second mechanic's lien was "void" and a "nullity." Furthermore, they contend Pioneer lacks a valid contractor's license and may not pursue this action and the second mechanic's lien was void because it was recorded during Oakridge's bankruptcy proceedings.[5] Pioneer asserts that the doctrine of invited error does not control because it may assert a new legal theory on appeal for the first time where the facts are not disputed.

## I. *Standard of Review*

On appeal from a judgment of dismissal following an order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose." (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].) We assume the truth of the properly pleaded factual allegations, facts that can be

---

[5] We have taken judicial notice of a document respondents obtained from California's Contractors' State License Board (Licensing Board) indicating that during the period June 1, 2008, through June 3, 2011, the Licensing Board had no record of a contractor's license held by "Pioneer Construction, Inc." Respondents made their motion for judicial notice pursuant to Evidence Code sections 459 and 452, subdivision (h) (court may take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy"). While we take judicial notice of these documents that were not before the trial court, Pioneer is not necessarily precluded from recovering under the contract. Business and Professions Code section 7031, subdivision (a) provides that an unlicensed contractor may not bring an action to recover on a construction contract. However, that statute does not prohibit a contractor who is duly licensed and who contracts under another name from pursuing an action to collect for work done under the contract. (*Ball v. Steadfast-BLK* (2011) 196 Cal.App.4th 694, 702 [126 Cal.Rptr.3d 743].) As a result, we cannot rule as a matter of law that Pioneer's action to foreclose its mechanic's lien is barred by Business and Professions Code section 7031, subdivision (a), and leave these factual issues regarding licensure for the trial court to resolve.

reasonably inferred from those pleaded, and facts of which judicial notice can be taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].) We review the trial court's denial of leave to amend for an abuse of discretion. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497 [57 Cal.Rptr.2d 406].) "When a demurrer is sustained without leave to amend, we determine whether there is a reasonable probability that the defect can be cured by amendment. [Citation.]" (*V.C. v. Los Angeles Unified School Dist.* (2006) 139 Cal.App.4th 499, 506 [43 Cal.Rptr.3d 103].)

II. *The January 29, 2009 Mechanic's Lien was Valid and Pioneer's Complaint was Timely Filed*

The filing of a bankruptcy petition operates as an automatic stay of the commencement or continuation of any action against a bankrupt debtor or against the property of a bankruptcy estate. (11 U.S.C. § 362(a)(4); *U.S. v. Dos Cabezas Corp.* (9th Cir. 1993) 995 F.2d 1486, 1491.) Actions taken in violation of the stay are void, even where there is no actual notice of the stay. (*In re Schwartz* (9th Cir. 1992) 954 F.2d 569, 571.) The automatic stay remains in effect with respect to property of the estate "until such property is no longer property of the estate." (11 U.S.C. § 362(c)(1); see *In re Spirtos* (9th Cir. 2000) 221 F.3d 1079, 1081.)

California law permits a contractor who furnishes labor and materials for construction on real property to record a notice of lien against the property. (Civ. Code, § 3115.) A mechanic's lien claimant who provided labor and materials prepetition to a debtor in bankruptcy can record a mechanic's lien after the property owner files for bankruptcy without violating the automatic stay. (11 U.S.C. § 362(b)(3).) A mechanic's lienor must file a notice of lien in the debtor's bankruptcy proceedings to inform the debtor and creditors of its intention to enforce the lien. (11 U.S.C. § 546(b)(2); *In re Baldwin Builders* (Bankr. 9th Cir. 1999) 232 B.R. 406, 413.) Once the lien is properly perfected, it is not subject to avoidance by the trustee. (11 U.S.C. § 546(b).)

Under California law, an action to foreclose a mechanic's lien must be brought within 90 days of recordation of the lien. (Civ. Code, § 3144.) However, postpetition lien foreclosure actions (as opposed to the mere recording of a lien) are enforcement actions prohibited by the automatic stay. (*In re Baldwin Builders, supra,* 232 B.R. at pp. 410–411.) Nonetheless, pursuant to 11 United States Code section 108(c), mechanic's lien actions are tolled while the property subject to the lien is property of the estate. (*In re Hunters Run Ltd. Partnership* (9th Cir. 1989) 875 F.2d 1425, 1427.) *Hunters Run* held the filing of bankruptcy by the property owner tolled the eight-month period under Washington state law for the filing of an action to

foreclose a mechanic's lien pursuant to 11 United States Code section 108(c).[6] (*In re Hunters Run Ltd. Partnership*, at pp. 1425–1427.) *Hunters Run* noted the distinction between perfection of a mechanic's lien by the recording of a lien and an enforcement action of such lien, the latter of which was tolled by 11 United States Code section 108(c). (*In re Hunters Run Ltd. Partnership*, at p. 1428.)

■    The period of time that an automatic bankruptcy stay is in effect is not counted as part of the applicable limitations period. (*Schumacher v. Worcester* (1997) 55 Cal.App.4th 376, 380 [64 Cal.Rptr.2d 1]; *Inco Development Corp. v. Superior Court* (2005) 131 Cal.App.4th 1014, 1019 [31 Cal.Rptr.3d 872].) "When the operation of a statute of limitations is suspended for a given period of time the effect is to add an equal period to the statutory limitation." (*Graybar Electric Co. v. Lovinger* (1947) 81 Cal.App.2d 936, 938 [185 P.2d 370].)

■    Thus, the 90-day period of Civil Code section 3144 was tolled during the pendency of Oakridge's bankruptcy; pursuant to 11 United States Code section 108(c) the period did not expire "until the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [¶] (2) 30 days after notice of the termination or expiration of the stay under section 362." Thus, once the bankruptcy stay terminated with respect to the Property due to its sale at the trustee's sale, Pioneer was required to act within the 90-day period of Civil Code section 3144 to protect its mechanic's lien rights. (*Sawyer Nurseries v. Galardi* (1986) 181 Cal.App.3d 663, 671 [226 Cal.Rptr. 502].) Here, because the January 29, 2009 mechanic's lien was filed during the pendency of Oakridge's bankruptcy, the 90-day period had not yet started to commence, leaving Pioneer with 90 days after the date of the trustee's sale to file its foreclosure complaint (the later of the two time periods contemplated in 11 U.S.C. § 108(c)).[7] The complaint filed November 12, 2009, was filed 79 days after the August 25, 2009 trustee's sale, making the complaint timely.

---

[6] Section 108(c) provides: "Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—[¶] (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [¶] (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim."

[7] The parties do not appear to dispute that Pioneer had notice of the trustee's sale.

III. *The Doctrine of Invited Error Does Not Preclude Assertion of Pioneer's Arguments on Appeal*

The invited error doctrine is an application of the estoppel principle that where a party by his or her conduct induces the commission of error, he or she is estopped from asserting it as a ground for reversal on appeal. (*Geffcken v. D'Andrea* (2006) 137 Cal.App.4th 1298, 1312 [41 Cal.Rptr.3d 80].) However, "the invited error doctrine requires affirmative conduct demonstrating a deliberate tactical choice on the part of the challenging party. [Citations.]" (*Huffman v. Interstate Brands Corp.* (2004) 121 Cal.App.4th 679, 706 [17 Cal.Rptr.3d 397].) Here, the record does not demonstrate invited error. Although Pioneer's trial counsel stated the mechanic's lien was "void" and a "nullity," an examination of the record indicates he nonetheless asserted its validity vis-à-vis the notice of lien filed in the bankruptcy court. At most, counsel appears to have applied one rule of law (an action to foreclose a lien cannot be commenced where there is a pending bankruptcy) when another rule should have been applied (a mechanic's lien can be filed even where there is a pending bankruptcy). Therefore, a deliberate tactical choice has not been shown here, and in its absence, there is no basis to apply the doctrine.

## DISPOSITION

The judgment is reversed. Appellant is to recover its costs on appeal.

Rothschild, Acting P. J., and Chaney, J., concurred.

A petition for a rehearing was denied January 13, 2012, and the opinion was modified to read as printed above.