Filed 9/2/14  Cavaretta v. Bixby CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| TRACY M. CAVARETTA, as Special Administrator, etc., | B243891 |
| Petitioner and Respondent, | (Los Angeles County Super. Ct. No. YP011038) |
| v. | |
| SHEILA BIXBY, as Special Administrator, etc., | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dudley Gray, II, Judge.  Reversed and remanded.

Law Offices of Najila K. Brent and Najila K. Brent for Objector and Appellant.

Burkley & Brandlin, Walter R. Burkley, Jr., and Deborah C. Keesey for Petitioner and Respondent.

_____

Before his death, Albert W. Duclos retained the services of attorney Kelly W. Bixby (now also deceased) for Mr. Duclos's divorce from his wife. In the course of that divorce, the family home was sold, and Mr. Duclos's share of the proceeds was deposited into Mr. Bixby's client trust account. Mr. Bixby also received for deposit into Mr. Bixby's client trust account a cashier's check settling an insurance claim for damage to the family house. None of these funds were ever paid to Mr. Duclos.

Following Mr. Duclos's death, his estate sought to recover the money during probate proceedings to administer his will. Mr. Bixby failed to respond to a petition filed pursuant to Probate Code section 850 to recover the funds, and a default judgment was entered, ordering Mr. Bixby to turn over more than $317,000 to the estate, and to provide an accounting.

Mr. Bixby failed to provide an accounting, and ultimately filed for bankruptcy protection. The personal representative of the Duclos estate filed a subsequent petition under Probate Code section 859, seeking double damages for Mr. Bixby's bad faith retention of Mr. Duclos's money.

Before the hearing on that petition, the bankruptcy court granted the motion of the personal representative of Mr. Duclos's estate for relief from the bankruptcy stay. However, the order granting relief from the stay was not signed and entered on the bankruptcy court's docket until *after* the hearing on the Probate Code section 859 petition in probate court.

The probate court found that Mr. Bixby acted in bad faith, and doubled the damages previously ordered.

After Mr. Bixby's death, his widow, Sheila Bixby, special administrator of his estate, substituted for her husband to pursue this appeal. Mrs. Bixby asserts a number of arguments on appeal. Among them is her argument that the probate court lacked jurisdiction to conduct the Probate Code section 859 hearing at which the court ordered double damages, because the order granting relief from the bankruptcy stay had not been entered. We agree, and on that basis, we reverse, declining to reach the other arguments asserted on appeal.

2

## FACTUAL AND PROCEDURAL SUMMARY

On June 21, 2010, executor Mandie J. Saner filed a petition for probate of Mr. Duclos's will, and for letters testamentary. Notice of the petition to administer Mr. Duclos's estate was sent to a number of people, including his former attorney, Mr. Bixby.

A supplemental petition for probate was filed on August 10, 2010, which included a copy of the judgment of dissolution on reserved issues between Mr. Duclos and his wife, Merry. The judgment provided that Mr. Duclos's share of the proceeds from the sale of the family home would be "payable to the client trust account of Kelly Bixby . . . ." On August 11, 2010, the probate court admitted Mr. Duclos's will to probate, issued letters testamentary to Ms. Saner, and granted Ms. Saner full powers under the Independent Administration of Estates Act. (Prob. Code, § 10400 et seq.)

On January 19, 2011, the estate filed a verified petition under Probate Code section 850, seeking to reclaim property of the probate estate held by Mr. Bixby. According to the petition, Mr. Bixby had represented Mr. Duclos in his divorce, and the judgment of dissolution provided that certain funds belonging to Mr. Duclos were to be deposited in Mr. Bixby's client trust account. Mr. Bixby was in possession of $288,064.58, representing Mr. Duclos's share of the proceeds from the sale of the marital home. Mr. Bixby was also in possession of an additional $29,735.95 in insurance proceeds for damage to the marital home.

Counsel for the estate's representative sent letters to Mr. Bixby demanding the return of the money, but Mr. Bixby did not respond. The petition also provided: "Petitioner further requests an order of this Court that if the court finds that Kelly Bixby, Esq. has in bad faith wrongfully taken, concealed, or disposed of property belonging to the Decedent's estate, that Kelly Bixby, Esq. shall be liable for twice the value of the property recovered in this action in accordance with Probate Code § 859." In the prayer for relief, the estate requested an order compelling the return of Mr. Duclos's money, an accounting, and double damages under section 859.

Mr. Bixby failed to appear at the June 8, 2011 hearing on the Probate Code section 850 petition, did not file a response to the petition, and did not seek a continuance from the court. The court declined to award double damages under section 859, and entered an order requiring Mr. Bixby to return $317,800.53 to the estate, and to submit an accounting for all client trust funds held for Mr. Duclos within 30 days of service of the order. The court set an order to show cause regarding failure to file an accounting for August 10, 2011. Mr. Bixby did not file an accounting by the deadline, but the parties stipulated to continue the order to show cause hearing until September 21, 2011, and the court extended Mr. Bixby's deadline to provide an accounting until September 9, 2011.

On August 18, 2011, the estate filed a "Petition for Order Increasing Liability of Kelly Bixby, Esq. and for Attorneys' Fees [Probate Code §859 and Code of Civil Procedure §1218]." The verified petition stated that Mr. Bixby had not paid any of the $317,800.53 he had been previously ordered to pay, and had not provided an accounting. Mr. Bixby was cited to compel his attendance at the September 21, 2011 hearing.

The parties appeared at the September 21 hearing. Mr. Bixby had not paid any money to Mr. Duclos's estate, and he had not completed an accounting. The parties had been engaged in settlement discussions, and agreed to report back to the court by September 29 if those negotiations were successful. On September 28, 2011, Mr. Bixby filed for bankruptcy protection. Notice of the automatic stay was filed on September 30, 2011.

On January 25, 2012, counsel for the estate's representative filed and served upon Mr. Bixby a notice of the continued hearing on the Probate Code section 859 petition, setting the hearing for March 7, 2012. On February 27, 2012, Mr. Bixby filed a verified response to the petition, averring that he had paid the proceeds of the insurance check to the estate, and that this should be credited to the $317,800.53 he had been ordered to pay. The response also set forth the affirmative defense of res judicata, claiming the section 859 petition was barred by the court's June 8, 2011 order on the section 850 petition, where the court declined to order double damages. The response also requested a statement of decision.

4

On March 7, 2012, the estate filed a reply, asserting the bankruptcy stay had been lifted, and responding to the affirmative defense of res judicata. The estate's bankruptcy attorney, J. Scott Bovitz, submitted a declaration stating that he had filed a motion in the bankruptcy court seeking relief from the automatic bankruptcy stay of the probate proceedings and that the bankruptcy court granted the motion, which meant the probate court was permitted to proceed with the hearing on the Probate Code section 859 petition. The declaration stated Mr. Bovitz had lodged a proposed written order granting the motion for relief from stay and that the bankruptcy court had not yet entered the order as of the last time he examined the docket on March 1.

The probate court held the hearing on the Probate Code section 859 petition on March 7, 2012. Mr. Bixby and his attorney appeared at the hearing, and the court heard argument from the parties, and allowed Mr. Bixby to explain why he had not prepared an accounting. After considering (and rejecting) Mr. Bixby's argument that res judicata barred an award under section 859, the trial court granted the petition for double damages under section 859.

On May 7, 2012, the estate submitted a proposed order granting the petition, in advance of a May 9, 2012 hearing on the status of the administration of the estate.[1] On July 11, 2012, the probate court entered its order increasing Mr. Bixby's liability under Probate Code section 859. The order doubled the previous award against Mr. Bixby to $635,601.06, finding that Bixby acted in "bad faith" and wrongfully took, "concealed or disposed of trust funds held for the benefit of . . . Duclos." A copy of the bankruptcy court order granting relief from the automatic stay was appended to the probate court's order. The order granting relief from the stay was entered on the bankruptcy court's docket on March 20, 2012.

---

[1] A supplemental petition for probate of will was filed on July 6, 2012, nominating the decedent's sister, Tracy M. Cavaretta, to administer the estate, following the death of the executor, Ms. Saner, on May 4, 2012.

5

The filing of a bankruptcy petition "operates as an automatic stay of the commencement or continuation of any action against a bankrupt debtor or against the property of a bankruptcy estate." (*Pioneer Construction, Inc. v. Global Investment Corp.* (2011) 202 Cal.App.4th 161, 167; see also *In re Doser* (9th Cir. 2005) 412 F.3d 1056, 1062; 11 U.S.C. § 362(a)(1).) The purpose of the stay is to provide debtors with " 'breathing room' " and to "prevent[] creditors from racing to the courthouse in an attempt to drain the debtor's assets." (*In re LPM Corp.* (9th Cir. 2002) 300 F.3d 1134, 1137.) The stay "serves as one of the most important protections in bankruptcy law," and the scope of protection is broad. (*Eskanos & Adler, P.C. v. Leetien* (9th Cir. 2002) 309 F.3d 1210, 1214.) The stay remains in effect with respect to property of the estate "until such property is no longer property of the estate." (11 U.S.C. § 362(c)(1); see *In re Spirtos* (9th Cir. 2000) 221 F.3d 1079, 1081.)

The bankruptcy court has exclusive jurisdiction to determine the scope and applicability of the automatic stay. (*In re Gruntz* (9th Cir. 2000) 202 F.3d 1074, 1082 ["[a]ny state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay"].) Any action taken in violation of the automatic stay is void, even if there is no actual notice of the stay. (*Id.* at p. 1087; see also *Pioneer Construction, Inc. v. Global Investment Corp.*, *supra,* 202 Cal.App.4th at p. 167.)

A creditor may move in the bankruptcy court for relief from the automatic stay to pursue claims in state court. (11 U.S.C. § 362(d).) An order granting relief from the automatic stay is effective when that order is entered on the bankruptcy court's docket. (*Cooper v. GGGR Invs., LLC* (Bankr. E.D.Va. 2005) 334 B.R. 179, 192; see also *In re Latture* (10th Cir. 2010) 605 F.3d 830, 832-833; Fed. Rules Bankr. Proc., rules 9021, ["A judgment or order is effective when entered under Rule 5003."], 5003(a) ["The entry of a judgment or order in a docket shall show the date the entry is made."], 11 U.S.C.)

At the time of the March 7, 2012 hearing on the Probate Code section 859 petition, the order granting the estate's motion for relief from the stay had not been entered on the

bankruptcy court's docket. Therefore, the order granting relief from the stay was not effective, and the stay was still in place at the time of the probate court's hearing on the petition. (Fed. Rules Bankr. Proc., rules 9021, 5003(a), 11 U.S.C.)

We recognize that the probate court's order doubling Mr. Bixby's liability was entered in the minutes of the probate court on July 11, 2012, after the order lifting the stay was entered in the bankruptcy court docket on March 20, 2012. But the probate court had no legal basis for entering a minute order reporting proceedings that were conducted on March 7, 2012, before the stay had been lifted. The order granting the Probate Code section 859 petition is void because the court issued the order in proceedings held in violation of the stay, and, therefore, it must be reversed. (*Pioneer Construction, Inc. v. Global Investment Corp.*, *supra*, 202 Cal.App.4th at p. 167.)

Respondent has cautioned that we should not exalt "form" over "substance." However, the law is clear. The rules requiring bankruptcy orders be entered before they become effective serve important purposes. Entry of an order on the bankruptcy court's docket provides notice of the precise terms of the order. (See *In re Henry Brothers Partnership* (Bankr. 8th Cir. 1997) 214 B.R. 192, 195.) The bankruptcy court may not sign counsel's proposed order and may modify the terms of the proposed order before it is entered. The final order here differed materially from the proposed order submitted by counsel in advance of the March 7 hearing.

Since we find the probate court order was entered in violation of the automatic bankruptcy stay and is void, we need not consider appellant's remaining arguments about the order.

## DISPOSITION

The order is reversed, and the matter is remanded for further proceedings. Appellant is awarded costs on appeal.

GRIMES, J.

We concur:

BIGELOW, P. J.          RUBIN, J.

7