**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: 450 S. WESTERN AVE., LLC,

Debtor,

_____

PHILMONT MANAGEMENT, INC.,

Appellant,

v.

450 S. WESTERN AVE., LLC,

Appellee.

No. 21-60060

BAP No. 21-1116

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Faris, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted November 15, 2022
Pasadena, California

Before: NGUYEN and H.A. THOMAS, Circuit Judges, and FITZWATER,** District
Judge.

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Philmont Management, Inc. ("Philmont") appeals a judgment of the Bankruptcy Appellate Panel ("BAP")[1] affirming a bankruptcy court order dismissing under Federal Rule of Civil Procedure 12(b)(6) Philmont's adversary complaint seeking a determination of the validity, priority, or extent of Philmont's mechanic's lien on real property of chapter 11 debtor 450 S. Western Ave., LLC (the "Debtor"), located in Los Angeles, California.[2] We have jurisdiction under 28 U.S.C. § 158(d)(1), and we vacate and remand.

"We review decisions of the BAP de novo and apply the same standard of review that the BAP applied to the bankruptcy court's ruling." *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). We independently review the bankruptcy court's rulings on appeal from the BAP "without according any deference to the BAP." *Salazar v. McDonald* (*In re Salazar*), 430 F.3d 992, 994 (9th Cir. 2005). We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector* (*In re Tracht Gut*), 836 F.3d 1146, 1150 (9th Cir. 2016). We review the denial of leave to amend for abuse of discretion. *Id.*

---

[1] *Philmont Mgmt., Inc. v. 450 S.W. Ave., LLC* (*In re 450 S.W. Ave., LLC*), 633 B.R. 894 (B.A.P. 9th Cir. 2021), *aff'g* 2021 WL 2528426 (Bankr. C.D. Cal. May 10, 2021).

[2] Rule 12(b)(6) is applicable via Federal Rule of Bankruptcy Procedure 7012(b).

1. The bankruptcy court first based its dismissal order on the conclusion that Philmont's mechanic's lien was invalid because it was not recorded within 90 days of completion of the work, as California Civil Code § 8412 requires, and that Philmont failed to sufficiently allege facts to support its theory that the Debtor was equitably estopped from challenging the timeliness of Philmont's lien.

Philmont alleged in its complaint that: (1) it billed more than $1.8 million in labor and materials for tenant improvements to the Debtor's property; (2) when the Debtor failed to pay as promised, Philmont timely recorded a mechanic's lien on July 18, 2018; (3) over the next 18 months or so, the Debtor repeatedly reassured Philmont that the amount due under the mechanic's lien would be paid; (4) the Debtor informed Philmont that it was completing a refinance of the property, and Philmont's mechanic's lien would be paid as part of that transaction; (5) the Debtor requested that Philmont not file a lawsuit to perfect its mechanic's lien because doing so would create a cloud on title and potentially jeopardize the pending refinance; (6) the Debtor and Philmont understood that Philmont would simply re-record its mechanic's lien if not paid from the impending refinance within 90 days of the original recording and that the Debtor would not claim that the successive liens were untimely; (7) Philmont relied on the Debtor's representations and promises in not commencing an action to foreclose its mechanic's lien, and instead re-recorded its mechanic's lien four times

between June 2018 and December 2019; (8) Philmont's multiple recordings of its mechanic's lien were consistent with the parties' understanding, so the Debtor did not object; (9) the Debtor continued to assure Philmont that its lien would be paid from the refinance, but that the process required more time; and (10) in reasonable reliance on the Debtor's representations and promises, Philmont recorded its fifth and final mechanic's lien on December 19, 2019 for the outstanding sum due from the Debtor (which now exceeded $2.3 million). On January 10, 2020, the Debtor filed a voluntary chapter 11 bankruptcy petition.

The bankruptcy court was required to accept these factual allegations as true and construe them in the light most favorable to Philmont as the nonmoving party, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012), and to draw all reasonable inferences in favor of Philmont, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). We hold that, when viewed under these standards, Philmont's complaint pleaded a plausible equitable estoppel theory that excused it from timely re-recording its mechanic's lien within 90 days of the completion of the work. *See Holdgrafer v. Unocal Corp.*, 160 Cal. App. 4th 907, 925-27 (2008); *Lantzy v. Centex Homes*, 73 P.3d 517, 532-34 (Cal. 2003).

2. The second basis for the bankruptcy court's dismissal order was that, even if Philmont could allege sufficient facts to support a reasonable inference of equitable

estoppel, Philmont's failure to allege that it timely recorded a notice of perfection under § 546(b) of the Bankruptcy Code required dismissal. According to the bankruptcy court, "[e]ven if the Court were to overlook the untimeliness of the December 19, 2019 lien, dismissal would still be required because Philmont has not alleged—and cannot allege—that it timely provided the notice necessary to maintain the perfection of its lien as required by § 546(b)."

But Philmont was not required to give notice under 11 U.S.C. § 546(b)(2), so the bankruptcy court erred in holding that Philmont's mechanic's lien was unenforceable and dismissing its adversary complaint with prejudice. Section 546(b)(2) of the Bankruptcy Code provides, in pertinent part, that when a law described in § 546(b)(1) requires commencement of an action to accomplish perfection or maintenance or continuation of perfection of an interest in property and that action has not been commenced prior to the bankruptcy petition, the interest in property shall be perfected, or the perfection of the interest shall be maintained or continued, by giving notice within the time fixed by law for such commencement. Section 8460(a) of the California Civil Code provides that "[t]he claimant shall commence an action to enforce a lien within 90 days after recordation of the claim of lien. If the claimant does not commence an action to enforce the lien within that time, the claim of lien expires and is unenforceable." The bankruptcy court held that, in

combination, § 8460(a) of the California Civil Code and § 546(b)(2) of the Bankruptcy Code required that Philmont give notice within 90 days of December 19, 2019—that is, by March 18, 2020. And because Philmont did not give notice until April 29, 2020, its December 19, 2019 mechanic's lien expired and is unenforceable under § 8460(a).

But the foreclosure action that § 8460(a) of the California Civil Code requires is one of lien enforcement, not of perfection or maintenance or continuation of perfection; therefore, the notice provision of § 546(b)(2) does not apply. *See Miner Corp. v. Hunters Run Ltd. P'Ship* (*In re Hunters Run Ltd. P'ship*), 875 F.2d 1425, 1428 (9th Cir. 1989); *Pioneer Constr., Inc. v. Glob. Inv. Corp.*, 202 Cal. App. 4th 161, 167-68 (2011).[3] Instead, if the holder of a mechanic's lien is required under § 8460(a) to commence an action to *enforce* the lien and the automatic stay is in effect, § 108(c) of the Bankruptcy Code operates to toll the 90-day deadline to commence the action. *See In re Hunters Run Ltd. P'ship*, 875 F.2d at 1428; *Pioneer Constr., Inc.*, 202 Cal. App. 4th at 167-68 (2011). Accordingly, we vacate the BAP's judgment and remand with instructions to the BAP to remand this adversary proceeding to the bankruptcy

---

[3] While Debtor cites to *In re Baldwin Builders*, 232 B.R. 406 (B.A.P. 9th Cir. 1999), we conclude that this case is controlled by *In re Hunters Run*.

court for further proceedings consistent with this disposition.

**VACATED and REMANDED.**