Filed 6/22/23  In re K.H. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re K.H., a Person Coming Under the Juvenile Court Law. | B322384<br>(Los Angeles County<br>Super. Ct. No. 18CCJP08255) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>APRIL H.,<br><br>    Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ashley Price, Judge Pro Tempore.  Affirmed.

Maryann M. Goode, under appointment by the Court of Appeal, for Objector and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Kelly G. Emling, Deputy County Counsel, for Plaintiff and Respondent.

---

In these dependency proceedings April H. (mother), appeals from a juvenile court's visitation order, contending the court abused its discretion by denying her last-minute request for a continuance and in instituting an unclear visitation scheme. We affirm.

## BACKGROUND

Because mother's only contentions on appeal pertain to procedural issues, we will limit the presentation of facts.

The family consists of mother, April H. (father, who is not party to this appeal), the minor K.H., and her six siblings, five of whom are subjects of this appeal (collectively Minors B through G).

On June 26, 2019, the juvenile sustained a Welfare and Institutions Code section 300[1] petition, finding Minors B through G were at substantial risk of serious physical injury because (1) the parents inappropriately physically disciplined them and mother told them not to disclose the abuse, (2) mother had a history of substance abuse and failed to protect the children while under the influence, (3) the parents failed to provide the children with basic necessities, including medical care, and (4) the parents failed to protect the children from sexual abuse by a cousin and told the children not to speak about the abuse.

---

[1] Undesignated statutory references will be to the Welfare and Institutions Code.

Over the next two years, father complied with the case plan but mother failed to satisfy requirements regarding a drug and alcohol program, drug testing, and parenting, and only partially complied with visitation requirements. Visitation with K.H., in particular, was very poor, causing the child serious emotional and psychological harm. The court continued father's reunification services but terminated mother's services, and found that visitation with mother was detrimental to the children. It ordered that mother have no contact and no visits with the children.

On July 8, 2021, the court ordered the children returned to father's care with family maintenance services. Mother agreed with the placement. That portion of the family now resides in Texas, while mother resides in California.

A year later, mother was given notice of a status review hearing to be held on July 6, 2022, but failed to appear. Mother's counsel was present, and had tried several times that morning to get her on the phone, without success. The court paused proceedings to allow mother to join telephonically, but counsel was again unable to reach her.

Counsel represented that mother was "very concerned about the outcome" of the hearing, and asked for a continuance or second call to give her an opportunity to appear. The court denied the request and proceeded with the hearing.

The court ordered that mother have "monitored virtual visits in a therapeutic setting to occur a minimum of once per month." It granted "discretion to liberalize Mother's visits upon the recommendation of the conjoint therapist," and ordered that "the conjoint therapist . . . be provided with copies of all necessary reports."

Mother's counsel responded to the visitation order as follows: "As far as the therapeutic visitation, it seems that if the court makes an order that visits can occur in a therapeutic setting or conjoint especially [*sic*] be good . . . .  The detriment is not needed.  The therapeutic setting provides sufficient safeguards regarding the children's wellbeing and visitation with the children."

On July 13, 2022, the court terminated jurisdiction.

Mother filed a timely appeal from the July 6, 2022 visitation order.

## DISCUSSION

### A.    Continuance

Mother contends the juvenile court abused its discretion in denying her request for a brief delay of the visitation hearing.  We disagree.

A juvenile court exercises broad control over dependency proceedings.  (*In re Kelly D.* (2000) 82 Cal.App.4th 433, 439.)  For example, the decision to grant or deny a requested continuance is committed to the sound discretion of the court.  (*In re D.Y.* (2018) 26 Cal.App.5th 1044, 1053.)  Even where a party requests not a continuance per se but only a brief delay in proceedings, for example to get a party on the telephone line, the court enjoys discretion to grant or deny the request as circumstances dictate. (See *In re Hunter W.* (2011) 200 Cal.App.4th 1454, 1465.)  We will reverse a court's exercise of this discretion only upon a showing that it " ' "exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' "  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

4

Here, nothing in the record suggests delaying the visitation hearing to get mother on the telephone would have made any difference. Mother had already been notified of the hearing and represented (through counsel) that it was important to her. Her counsel had tried unsuccessfully to reach her on the phone several times before the hearing, and was granted an opportunity during the hearing to try again. Mother's counsel did not represent at the hearing that mother was in fact reachable, and on appeal mother again fails to contend she was reachable. We therefore conclude the court acted within its discretion in denying a brief delay to get mother on the phone.

## B. Visitation Order

Mother contends the final visitation orders are confusing and impracticable. We deem the contention forfeited.

When the juvenile court terminates jurisdiction over a dependent child, it may issue an order determining custody and visitation as it relates to the child. (§ 362.4; *In re Roger S.* (1992) 4 Cal.App.4th 25, 30.) We review a visitation exit order for abuse of discretion. (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1124.)

However, an appellant generally may not complain of an error the appellant acceded to at trial. (*Pioneer Const., Inc. v. Global Investment Corp.* (2011) 202 Cal.App.4th 161, 169.) The forfeiture rule "prevent[s] a party from standing by silently until the conclusion of the proceedings." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222.)

Here, mother's counsel raised no objection to the visitation order. On the contrary, counsel stated that the order "provides sufficient safeguards regarding the children's wellbeing and visitation with the children."

Any contrary claim on appeal is forfeited.

5

**DISPOSITION**

The juvenile court's order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

6